```
 1  COOPER, WHITE & COOPER LLP
    JIE-MING CHOU (SBN 211346)
 2    jchou@cwclaw.com
    SCOTT M. McLEOD (SBN 242035)
 3    smcleod@cwclaw.com
    201 California Street, 17th Floor
 4  San Francisco, California 94111
    Telephone:   (415) 433-1900
 5  Facsimile:   (415) 433-5530

 6  Attorneys for Comcast of East San Fernando
    Valley, LP
 7
```

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| LEANNA KIELAN,<br><br>          Plaintiff,<br><br>     vs.<br><br>COMCAST CORPORATION; and DOES 1 to 20, INCLUSIVE,<br><br>          Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(c) (Federal Question) and 28 U.S.C. § 1367(a)**<br><br>Trial Date:  None Set |

TO THE CLERK OF THE COURT OF THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant Comcast of East San Fernando Valley, LP ("Comcast"), erroneously sued as Comcast Corporation does hereby remove to this Court the state court action described below:

1.  On August 22, 2014, an action was commenced in the Superior Court of the State of California in and for the County of Sonoma, entitled LEANNA KIELAN vs. COMCAST CORPORATION, as case number MCV 233342. A true and correct copy of this Complaint is attached hereto as **Exhibit A**.

2.  Plaintiff then personally served the Complaint on Comcast's registered agent on August 27, 2014. A true and correct copy of the summons is attached hereto as **Exhibit B**.

3. On September 25, 2014, Comcast filed its Answer to the complaint, a true and correct copy of which is attached hereto as **Exhibit C.**

4. Jurisdiction. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(c) because the Complaint alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over the state law claim for violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.*

4. Intradistrict Assignment. This Complaint has been removed to the San Francisco Division of the Northern District because the original state court action was filed in the County of Sonoma.

DATED: September 25, 2014           COOPER, WHITE & COOPER LLP

By: _____
Scott M. McLeod
Attorneys for Comcast of East San Fernando Valley, LP

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

# EXHIBIT A

**EXHIBIT A**

Todd M. Friedman (216752)
Arvin Ratanavongse (257619)
Law Offices of Todd M. Friedman, P.C.
324 S. Beverly Dr., Suite 725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
Aratanavongse@toddflaw.com
Attorney for Plaintiff

ENDORSED
FILED

AUG 22 2014

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SONOMA COUNTY
LIMITED JURISDICTION

MCV 233342

| | |
|---|---|
| LEANNA KIELAN, | COMPLAINT FOR VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND TELEPHONE CONSUMER PROTECTION PRACTICES ACT |
| Plaintiff, | |
| vs. | |
| COMCAST CORPORATION; and DOES 1 to 20, INCLUSIVE, | (Amount not to exceed $10,000) |
| Defendant. | 1. Violation of Rosenthal Fair Debt Collection Practices Act<br>2. Violation of Telephone Consumer Protection Act |

BY FAX

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claim above, Plaintiff further alleges claims for Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq.* (hereinafter "TCPA").

Complaint - 1

## II. PARTIES

2. Plaintiff, LEANNA KIELAN ("Plaintiff"), is a natural person residing in Sonoma county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3. At all relevant times herein, Defendant, COMCAST CORPORATION ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

4. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise, of Defendants sued herein as Does 1 through 20, inclusive, and therefore names said Defendants under provisions of *Section 474 of the California Code of Civil Procedure*.

5. Plaintiff is informed and believes, and on that basis alleges that Defendants Does 1 through 10 are in some manner responsible for acts, occurrences and transactions set forth herein and are legally liable to Plaintiff.

6. At all times mentioned, each of the defendants, whether actually named or fictitiously named, was the agent of the other defendants, whether actually named or fictitiously named, and each other and was at all times acting within the purpose and scope of such agency. Plaintiff is informed and believes, and on that basis alleges, that at all times mentioned herein each defendant, whether actually or fictitiously named was the principal, agent or employee of each other defendant, and in acting as such principal, or within the course and scope of such

employment or agency, took some part in the acts and omissions hereinafter set forth by reason of which each defendant is liable to plaintiff for the relief prayed for herein. At all times relevant herein, defendants ratified the unlawful conduct of the other defendants, who were acting within the scope of their agency or employment, by accepting the benefits of the transaction(s) with knowledge of the wrongdoing, or otherwise by failure to repudiate the misconduct.

## III. FACTUAL ALLEGATIONS

7.  At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

8.  On average, Defendant contacted Plaintiff approximately every half an hour on her home phone at (707) 664-0216.

9.  Defendant contacted Plaintiff at times and places that were known to be inconvenient and with such frequency at to constitute harassment under the circumstances, including but not limited to, multiple calls per week.

10. Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

   a) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code § 1788.11(d));

   b) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code § 1788.11(e));

   c) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§ 1692d(5));and

        d) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff, (§ 1692c(a)(1))

11. Defendant's conduct violated the TCPA by:

    a) using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

12. As a result of the above violations of the RFDCPA, and TCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff reincorporates by reference all of the preceding paragraphs.

14. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A.    Actual damages;

    B.    Statutory damages for willful and negligent violations;

    C.    Costs and reasonable attorney's fees,

    D.    For such other and further relief as may be just and proper.

//

//

# EXHIBIT B

**EXHIBIT B**


8-27-14
1:55
II

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

COMCAST CORPORATION; and DOES 1 to 20, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LEANNA KIELAN

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED

AUG 22 2014

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of Sonoma
600 Administration Drive
Santa Rosa, CA 95403

**CASE NUMBER:** *(Número del Caso):* 233342 MCV

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd Friedman (SBN 216752), 324 S. Beverly Dr., Suite 725, Beverly Hills, CA 90212, 877-206-4741

DATE: AUG 22 2014 JOSE O. GUILLEN        Clerk, by JENNIFER ELLIS, Deputy
*(Fecha)*                                 *(Secretario)*                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☑ on behalf of *(specify)*: Comcast Corporation
   under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☑ by personal delivery on *(date)*: 8-27-14

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# EXHIBIT C

**EXHIBIT C**

```
 1  COOPER, WHITE & COOPER LLP
    JIE-MING CHOU (SBN 211346)
 2    jchou@cwclaw.com
    SCOTT M. McLEOD (SBN 242035)
 3    smcleod@cwclaw.com
    201 California Street, 17th Floor
 4  San Francisco, California 94111
    Telephone:   (415) 433-1900
 5  Facsimile:   (415) 433-5530

 6  Attorneys for Comcast of East San Fernando
    Valley, LP
 7
```

ENDORSED FILED
SEP 2 5 2014
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SONOMA

| LEANNA KIELAN,<br><br>             Plaintiff,<br><br>     vs.<br><br>COMCAST CORPORATION; and DOES 1 to 20, INCLUSIVE,<br><br>             Defendants. | CASE NO. MCV 233342<br><br>**ANSWER OF DEFENDANT COMCAST OF EAST SAN FERNANDO VALLEY, LP**<br><br>Date Filed: August 22, 2014<br>Trial Date: None Set |
|---|---|

For its answer to the unverified Complaint ("Complaint") of LEANNA KIELAN ("Plaintiff") for damages on file herein, defendant COMCAST OF EAST SAN FERNANDO VALLEY, LP ("Comcast"), erroneously sued as Comcast Corporation, generally denies each and every allegation of the Complaint and further denies that Plaintiff has been damaged in any manner or amount. Comcast further reserves the right to amend its answer to name the correct defendant once Plaintiff has provided the information necessary to identify the proper Comcast entity.

### AFFIRMATIVE DEFENSES

Comcast further answers Plaintiff's complaint by asserting the following separate additional or affirmative defenses. By asserting these additional or affirmative defenses, Comcast does not admit any of Plaintiff's allegations nor does Comcast admit or agree that it has the burden

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

1007417.1

ANSWER OF DEFENDANT COMCAST OF EAST SAN FERNANDO VALLEY, LLP

of proof as to any fact or allegation that may support such additional or affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

1. Comcast alleges that Plaintiff's Complaint, including each cause of action thereof, fails to state facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

2. Comcast alleges that Plaintiff's allegations are so uncertain, ambiguous, and/or unintelligible as to bar any recovery by Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's claims are barred by the doctrine of mootness, because Comcast has acted to cure all alleged acts and omissions giving rise to the causes of action.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff has waived or released whatever rights it may have had against Comcast by reason of Plaintiff's conduct, acts and assertions.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff is estopped from seeking any relief from Comcast by reason of Plaintiff's conduct, acts and assertions.

### SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff, by reason of its knowledge, statements, and conduct, consented to all of the acts or omissions that are alleged against Comcast.

### SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff did not exercise ordinary care, caution, and prudence in connection with the transactions and events alleged in its complaint and is, therefore, barred entirely from recovery against Comcast. If Plaintiff were found to be entitled to some compensation, that compensation should be reduced in proportion to the Plaintiff's fault.

### EIGHTH AFFIRMATIVE DEFENSE

8. Comcast's conduct with regard to the matters alleged was justified, reasonable and/or within any applicable standard of care.

### NINTH AFFIRMATIVE DEFENSE

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

1007417.1

2

ANSWER OF DEFENDANT COMCAST OF EAST SAN FERNANDO VALLEY, LLP

9. If Comcast is held to be liable to Plaintiff, Comcast is entitled to an offset in the amount that Plaintiff is held to be liable to Comcast.

### TENTH AFFIRMATIVE DEFENSE

10. Any losses, damages and/or injuries sustained by Plaintiff were proximately caused by the fault of persons or entities other than Comcast.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Any losses, damages and/or injuries sustained by Plaintiff were the result of superseding and intervening acts of third parties.

### TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff did not reasonably rely to its detriment on any alleged representation of Comcast.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff is barred by the doctrine of *in pari delicto* from obtaining the relief requested.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiff's claims are barred by the doctrine of laches.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. Plaintiff engaged in willful misconduct and gross negligence in its dealings with Comcast.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. Plaintiff ratified or approved the alleged wrongful acts.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. Plaintiff's damages, if any, were caused in whole or in part by third parties over whom Comcast had no control. An apportionment as to fault should be made as to reduce the damages awarded to Plaintiff, if any, by that portion of fault attributable to the actions of said parties.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. Comcast alleges that if Plaintiff did sustain injuries as alleged in the Complaint or

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

1007417.1

3

ANSWER OF DEFENDANT COMCAST OF EAST SAN FERNANDO VALLEY, LLP

1 otherwise, Plaintiff's claim is barred by the appropriate statute of limitations including, but not
2 limited to, Civil Code Section 1788 et seq., Code of Civil Procedure Sections 337, 337.1, 337.15,
3 338, 339, 340, and/or 343 and California Commercial Code §§ 2607 and 2725.

### NINETEENTH AFFIRMATIVE DEFENSE

19. Comcast alleges that each and every cause of action is barred because Plaintiff failed and neglected to use reasonable care to mitigate, minimize, or avoid the damages alleged.

### TWENTIETH AFFIRMATIVE DEFENSE

20. Comcast alleges that each and every cause of action is barred because Comcast has fully performed all of its contractual duties, if any are owed, except for such duties as have been excused and/or prevented by the acts or omissions of Plaintiff and/or their agents and other representatives, and/or any third party.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21. Comcast alleges that the complaint and each and every cause of action therein is barred because Plaintiff or others were negligent in and about the matters alleged in the complaint and in each alleged cause of action, and this negligence proximately and actually caused, in whole or in part, the damages alleged in the complaint. The amount of damages should thus be reduced by the comparative fault of Plaintiff and any person whose negligent acts or omissions are imputed to them.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22. Comcast alleges that Plaintiff impliedly assumed the risk, if any there was, with respect to the condition and conduct alleged in Plaintiff's Complaint, and that Plaintiff's assumption of the risk bars or proportionately reduces Plaintiff's claim.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23. As a result of its acts and omissions in matters relevant to its claims, and as asserted in the Complaint, Plaintiff has unclean hands and is, therefore, barred from asserting any claims against Comcast.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. Comcast alleges that Plaintiff has failed to allege facts entitling her to recover for

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

1007417.1                4
ANSWER OF DEFENDANT COMCAST OF EAST SAN FERNANDO VALLEY, LLP

attorneys fees pursuant to Civil Code §1717.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. Comcast alleges that Plaintiff has failed to name the proper defendant entity and therefore, an indispensable party to the litigation, and that Plaintiff's allegations are so vague and ambiguous that the proper entity is not discernible from the Complaint.

## ADDITIONAL DEFENSES

26. At the time of the filing of this answer, affirmative defenses may not have been alleged for reasons that insufficient facts and information were available after reasonable inquiry. Comcast therefore reserves the right to amend this answer to allege additional affirmative defenses based upon subsequent discovery of new or different facts or subsequent appreciation of currently known facts and further reserves the right to seek indemnity and/or contribution from any third parties.

## PRAYER

WHEREFORE, Comcast prays that Plaintiff take nothing by way of relief and for judgment in its favor and against Plaintiff and for:

(1) Attorneys' fees and costs of suit herein; and

(2) for such other and further relief as the Court deems just or proper.

DATED: September 25, 2014            COOPER, WHITE & COOPER LLP

By: _____
Scott M. McLeod
Attorneys for COMCAST OF EAST SAN FERNANDO VALLEY, LP

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

1007417.1                         5
ANSWER OF DEFENDANT COMCAST OF EAST SAN FERNANDO VALLEY, LLP

**PROOF OF SERVICE**

I am a resident of the State of California. I am over the age of eighteen years, and not a party to this action. My business address is 201 California Street, Seventeenth Floor, San Francisco, CA 94111-5002.

On September 25, 2014, I served true copies of the following document(s): **ANSWER OF DEFENDANT COMCAST OF EAST SAN FERNANDO VALLEY, LP** on each of the parties listed below at the following addresses:

| | |
|---|---|
| Todd M. Friedman<br>Arvin Ratanavongse<br>Law Offices of Todd M. Friedman, P.C.<br>324 S. Beverly Drive, Suite 725<br>Beverly Hills, California 90212 | **Attorneys for Plaintiff Leanna Kielan**<br><br>Telephone: (877) 206-4741<br>Facsimile: (866) 633-0228<br>email: tfriedman@attorneysforconsumers.com<br>aratanavongse@toddflaw.com |

**BY MAIL:** I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On the date specified above, as to each of the parties identified in the above service list, a true copy of the above-referenced document(s) was placed for deposit in the United States Postal Service in a sealed envelope, with postage fully prepaid; and on that same date that envelope was placed for collection in the firm's daily mail processing center, located at San Francisco, California following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 25, 2014, at San Francisco, California.

*/s/ Cathie Coyle*
Cathie Coyle
COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002